

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2005

# McLaughlin v. Atlantic City

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McLaughlin v. Atlantic City" (2005). *2005 Decisions.* Paper 986.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/986

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3597
_____

HOWARD C. MCLAUGHLIN,
Appellant

v.

CITY OF ATLANTIC CITY; JAMES WHELAN; KAREN UPSHAW; MARY
SIRACUSA; ANDREW MAIR; SHERMAINE GUNTER-GARY; RONALD CASH;
TEAMSTERS LOCAL #331; JOSEPH YEOMAN, President of Teamsters
Local #331; HOPE SILENZIO; MICHAEL SILENZIO; JOHN DOES;
JANE DOES, et al.


_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-cv-01273)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2005
Before: ALITO, SMITH AND BECKER, CIRCUIT JUDGES
(Filed: June 20, 2005)

_____

OPINION
_____


PER CURIAM

   Howard C. McLaughlin appeals the District Court's orders granting the

defendants'[1] motions for summary judgment and denying his motion for reconsideration. For the reasons set forth below we will affirm.

## I

McLaughlin, a member of Teamsters Local #331, was employed by the City of Atlantic City as a drug and alcohol abuse counselor in the city's Department of Health and Human Services. Under the provisions of the collective bargaining agreement between the city and Local 331, the city is required to send a copy of all disciplinary notices affecting covered city employees to the Union Business Agent at Local 331. According to the defendants, beginning in the summer of 1999 McLaughlin's job performance began to deteriorate as a result of excessive absenteeism and tardiness. In March 2000 the city sent a preliminary notice of disciplinary action against McLaughlin to Local 331, followed three months later by an amended notice to McLaughlin's attorney. In October 2000 McLaughlin, who was running for the presidency of Local 331, delivered a speech to a Local 331 meeting. He was interrupted by a union member who asked about his work-related disciplinary problems.

In 2001 McLaughlin filed a complaint, subsequently amended, alleging that the city unlawfully sent copies of the two notices to Local 331 and otherwise violated various

---

[1] As explained in the District Court's opinions, there are two classes of defendants, Union defendants and City defendants. Because the parties are familiar with the details of the action, set forth at length by the District Court, we merely provide a brief overview here.

of his rights under federal and state law.  According to McLaughlin, the city defendants selectively enforced its policies and procedures, denying him – the sole Caucasian male in his work unit – equal opportunities to receive overtime and other job-related benefits, denied him procedural due process by transferring him to a different job, and denied various undisclosed rights under the Ninth Amendment.  He also maintains that the city's sharing of the two disciplinary notices with Local 331 resulted in the loss of his property interest in becoming President of Local 331, violated his federal and state rights to privacy, constituted defamation, and breached the Collective Bargaining Agreement between the city and Local 331.  In addition, McLaughlin complains that the city took disciplinary action against him in retaliation against his union activities and requests to alter his work schedule, and violated his rights under the Americans with Disabilities Act and New Jersey's Law Against Discrimination by failing to provide accommodation for his epilepsy.

The defendants responded with motions for summary judgment, which the District Court granted in two separate opinions after a hearing.  After the court denied McLaughlin's motion for reconsideration, he took the instant appeal.  We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary: we will affirm the District Court's grant of summary judgment only if it appears that there is no genuine issue as to any material fact and that the defendants were entitled to a judgment as a matter of law. In evaluating the evidence, we take the facts in the light most favorable to McLaughlin

3

and draw all reasonable inferences in his favor. <u>Morton Intern., Inc. v. A.E. Staley Mfg. Co.</u>, 343 F.3d 669, 679 -680 (3d Cir. 2003).

## II

We agree with the District Court's reasons for granting the defendants' motions for summary judgment and denying McLaughlin's motion for reconsideration. Rather than repeating the details of the court's thorough and well-reasoned opinions here, we summarize its central conclusions as follows. McLaughlin did not offer competent evidence of disparate treatment, intent to discriminate based on race, or that he was harmed in any way by the job transfer. As for his retaliation claims, the court found that McLaughlin failed to establish a causal connection between his protected activities and the defendants' disciplinary action and eventual termination of his employment. McLaughlin admitted that he was often late and that he was reprimanded for unauthorized absences as far back as 1990, i.e., before the alleged acts prompting retaliation, and the record is replete with evidence of tardiness, absences, and failure to comply with the defendants' various attempts at accommodation and warnings.

The court rejected McLaughlin's claims under the ADA and LAD for several reasons. Although he has a disability (epilepsy), the only accommodation McLaughlin requested (and received) was to be able to start his work day an hour later; and his record shows that he could not comply even with that accommodation, repeatedly showing up later or not at all, etc., and thus failing to perform the essential functions of his job, which

4

required him to be present during the day as a full-time counselor. Moreover, McLaughlin did not participate in good faith in the interactive process for finding an acceptable accommodation as required by the ADA. Although he provided a letter from his doctor indicating that his epilepsy medication caused somnolence, he ignored the defendants' requests for further evaluation to determine whether suitable accommodations could be made. Accordingly, the defendants arranged for him to see another doctor, who determined that his morning somnolence was caused by a combination of his second job and refusal to take his medication earlier at night, conclusions which McLaughlin did not refute. Alternatively, the court found that McLaughlin's claims are barred for failure to exhaust administrative remedies.

With regard to the numerous claims arising out of the two discipline notices, the court concluded that McLaughlin had not shown why the city should have known that Local 331 was not his proper representative. Not only did McLaughlin admit that he had not told the city at the time it sent the first notice, but he also conceded that he did not know who, if anyone, disclosed the second notice. Besides, even if their disclosure was improper, the notices merely state that McLaughlin failed to perform his duties and was repeatedly late or absent, statements which McLaughlin concedes are true; and since they are true, they cannot support a defamation claim. Regardless of whether the disclosures cost him the election, he had no constitutionally protected property interest in its outcome. Nor do the disclosures give rise to his claims under FOIA, its state equivalent, the Privacy

Act or common law invasion of privacy. Finally, there was no breach of contract: the Collective Bargaining Agreement requires that copies of all disciplinary actions or warnings be sent to the Union Business Agent.

**III**

On appeal, McLaughlin complains that the District Court made several erroneous factual findings, but even if his contentions are true the details he cites are not material to the merit of his claims. He provides only one challenge to the District Court's legal analysis, summarily asserting that the court misapplied our decision in Taylor v. Phoenixville School Dist., 184 F.3d 296 (3d Cir. 2000), with regard to the ADA's interactive process. However, he provides no support for this challenge beyond the naked allegations that "the city failed to interact just as well" and that neither doctor properly addressed the long-term side-effects of his medication. The former allegation is belied by the record as set forth by the District Court (second opinion at 23-25), and even if the latter allegation is true, it does not undermine the District Court's reasons for concluding that McLaughlin did not participate in the ADA's interactive process.

Accordingly, we will affirm the judgment of the District Court.